SOMMERVILLE, J.
Section 11 of the primary law, Act No. 49 of 1906, p. 66, provides that:
“Any person desiring to become a candidate in any primary election held under the provisions of this act, shall, within twenty days for state and district officers, and within ten days for parochial and ward officers, etc., from and after the issuance of the call of the said committee for the said primary election, filed with the respective officers hereinafter designated, his written notification of his intention to become a candidate at such primary, accompanied *563 by a declaration that he is a duly qualified elector under the Constitution and laws of this state, ‘and that he is a member of the party calling said primary election.’ ”
The Corrupt Practices Act, No. 213 of 1912, p. 447, in section 6 provides:
“That hereafter any person who becomes a candidate for nomination of any political party at any primary election, shall at the time of announcing his candidacy, file with the committee authorized by law to receive such declaration of candidacy the names of not less than one, or more than five, persons selected to receive, expend, audit and disburse all moneys contributed, donated, subscribed, or in any wise furnished or raised for the purpose of aiding or promoting nomination or election of such candidate, together with the written acceptance and consent of such persons to act as such committee; provided, that any candidate may, if he sees fit to do so, declare himself as the person chosen for such purpose. * * Failure to make such declaration of appointment or election by any candidate shall, operate as a refusal to accept such nomination.”
Relator alleges that he complied with the provisions of law hereinbefore quoted in making application to the Parish Democratic Executive Committee of the parish of St. John the Baptist, within the delay prescribed in the law, to become a candidate for the office of assessor for said parish at the primary election to be held January 25, 1916; and that said committee declared the application of your relator to be null and void for the reason that the appointment of a campaign manager by petitioner had not been legally made; and that said committee declared Sevigne F. Webre to be the nominee of the Democratic party for the office of assessor for said parish; and directed that no primary election be held for the purpose of making a nomination to that office. The relator prays that a mandamus issue to said committee compelling it to print, and to cause to be printed, the name of relator upon all the ballots to be printed for use and to be cast at said primary election.
Respondent answered that it had considered the notification of relator, and that it was not such as was required by law, for the reason that relator had not filed with the committee “the names of not less than one or more than five persons selected to receive, expend, audit and disburse all moneys contributed,” etc.; and that he did not, at the same time, declare himself as the person chosen for said purpose.
There was judgment in favor of respondents, and relator has appealed.
The minutes of the meeting of the respondent committee of date November 6, 1915, show that the application of relator was—
“objected to and declared null and void because the appointment of their [his] campaign manager was not written in their [his] own handwriting and not in compliance with section 6 of Act 213 of 1912.”
And that Sevigne 'F. Webre, having his nomination paper properly made out, was declared the nominee of the Democratic party for the office of assessor.
The application of relator is in the record, and in due and regular form, aud properly signed by him, except in this respect, that after the signature is written the words, “I am my own campaign manager.”
It is the contention of respondents that the words, “I am. my own campaign manager,” are not in the handwriting of Mr. Millet, and that they come after Ms signature.
The evidence shows that relator, Millet, at a meeting of the various applicants for nomination in St- John the Baptist parish, jointly, with these other applicants, authorized the writing of the words, “I am my own campaign manager,” after the attention of said applicants had been called to tbe Corrupt Practices Act, which requires the naming of said campaign manager.
In the quoted section 11 of the Primary Act, it is seen that the applicant for nomination must file “his written notification of his intention to become a candidate at such primary,” etc. And, it is clear, that this application must be signed by the applicant.. But the Corrupt Practices Act, in section 6, *565 p. 450 of 1912, which, requires the applicant for nomination to file the name or names of a campaign committee, does not require that said campaign committee should be named in the body of the application for nomination or that it should form part of it, or even that it should be in writing. It simply says that any person who becomes a candidate for nomination of any political party at any primary election shall, at the time of announcing his candidacy, file with the committee authorized by law to receive such declaration of candidacy the names of his campaign committee, and that he may declare himself as the person for such purpose; and—
“failure to make such declaration of appointment or election by any candidate shall operate as a refusal to accept such nomination.”
The notification of Mr. Millet, filed with the committee, at the proper time, names his campaign committee in the words, “I am my own campaign manager.”
The words quoted being a part of the notification, and authorized by Mr. Millet to be written thereon as a part thereof, is all done in accordance with law, although Mr. Millet did not write the words with his own hand. Section 6 of the Corrupt Practices Act, No. 213 of 1912, was complied with by relator; and he is entitled to have respondents certify his name to the secretary of state as a nominee for the office of assessor, to be printed on the ballots to be voted at the coming primary election; and it is the ministerial duty of respondents to so certify the name of relator.
It is ordered, adjudged, and decreed that the judgment appealed from be . annulled, avoided, and reversed; that a mandamus issue in this case directed to the respondent committee, and the several members thereof, directing, ordering, and commanding it and' them to print, and to cause to be printed, the name of J. Ovide Millet upon all the ballots to be printed for use and to be cast at the primary election to be held in the parish of St. John the Baptist on the 25th day of January, 1916, as a candidate of the Democratic party for nomination for the office of assessor for said parish; all at the cost of respondent.